### Hatcher & Baldwin *vs.* Massey *et al.*

[Hall, Justice, being disqualified, Judge Simmons, of the Macon Circuit, was appointed to preside in his stead.]

A bill was filed against a trustee who held property for the sole use of his wife for life, with remainder to her children, and against his wife individually. The object of the bill was to secure from the trust estate the payment of an amount due for provisions, money and other articles alleged to have been necessary to carry on a farm belonging to such estate, and to have been furnished to the trustee on the faith thereof. The trustee and his wife both defended, and the latter filed a cross-bill. Pending the case, the trustee died, and an order was taken that the suit abate as to him. Complainants amended the bill, and charged that the wife owned a life estate in said trust lands, and was entitled to the use and profits of the same during her life; that the debt was contracted with her consent and approval, and for the use and benefit of said estate; that the articles were suitable and necessary for the trust estate, and for the life tenant; and that the estate was not represented by a trustee. The prayer was that a sufficiency of the personalty should be sold to pay the debt, or that a receiver might be appointed to take charge of the trust property, and pay complainants from the rent thereof:

*Held*, that it was error to dismiss the bill, on motion, for want of proper parties. The wife being entitled to the entire income of the estate, and being *sui juris* in respect to the same, if debts were contracted

for the purpose of carrying on the farm to raise an income, she is responsible for them to the extent of the income, and under the facts above stated, a decree against her would be valid.

November 6, 1883.

Trusts. Parties. Equity. Practice in Superior Court. Before Judge ADAMS. Macon Superior Court. May Adjourned Term, 1883.

Reported in the decision.

J. A. EDWARDS; GUSTIN & HALL, for plaintiffs in error

W. A. HAWKINS; W. H. REESE for defendants.

SIMMONS, Judge.

Hatcher and Baldwin filed their bill in the superior court of Macon county against T. J. Massey, as trustee for his wife, Mary P. Massey, and their two minor children, and against Mary P. Massey individually. The bill alleged that Massey held certain real and personal property in trust for his said wife, Mary P., and her children, and that, by the terms of the trust deed, the said Mary P. had a life estate in said property, with remainder to her children The bill further alleged that, in the year 1877–8, complainants furnished said trustee provisions, money and other articles necessary to carry on the farm belonging to the trust estate, and necessaries for the *cestui que trust*; that in settlement of his accounts in January, 1879, said trustee gave to complainants his individual note for $463.00, secured by a mortgage on five mules and a half interest in a steam engine; that in November, 1879, Massey agreed to turn over to complainants four of said mules, and they gave him credit on his note for $240.00. Afterwards, when complainants sought to get possession of said mules, Mary P. Massey, the wife, refused to surrender them to complainants, claiming them as her property.

Complainants then commenced an action of trover for

the recovery of the mules, which is now pending in the county court of said county. Complainants amended their bill, and charged further that T. J. Massey, the trustee, was insolvent at the time the articles were furnished; that he had no credit, as an individual, with them nor any of the merchants in the county, and by reason of his insolvency and want of credit, he was unable to supply his wife and children the necessaries of life, and that they furnished him the articles and money, relying upon the trust estate for payment.

T. J. Massey answered said bill, and admitted that he purchased the articles set out in the accounts attached to the bill, but claimed that he was entitled to a credit on the account, and denied that he bought them as trustee, but as an individual, and denied that the articles were used for the benefit of the trust estate; admitted that he farmed on the trust lands, and that he and his family resided thereon.

Mary P. Massey answered the bill, and denied all knowledge of her trustee's contracting said accounts, claimed that all the personal property, including the mules mortgaged, was the property of herself and children, under the trust deed, and admitted that she had refused to deliver the mules sold by her husband to complainants; and by way of cross-bill, she prayed that the trover suit be enjoined, and that the same might be brought into this case, and be heard and determined as part thereof. The chancellor, upon hearing the case at chambers, granted her the injunction asked for, until the final hearing of the bill. At this stage of the case, it appears that T. J. Massey, the trustee, died. At the next term of the court, his death was suggested of record, and an order taken that the suit abate as to him. The complainants then amended their bill, and charged that Mary P. Massey owned a life estate in said trust lands, and, by the terms of the trust deed, was entitled to the use and profits of the same during her life, and that the debt of complainants was contracted by said trustee,

v71–51

with the consent and approval of said Mary P., and for the use and benefit of said estate, and that all the items of said account were suitable and necessary for said trust estate and for the said Mary P., the life-tenant; and that the estate was now unrepresented by a trustee.  The bill prayed that a sufficiency of the personal property might be sold to pay the debt of complainants, or that a receiver might be appointed to take charge of the trust property and pay complainants' debt from the results thereof.

Upon complainants' taking the order that the suit abate as to Massey, the trustee, the respondents moved to dismiss said bill, for the want of proper parties, which motion was granted by the court, and the complainants excepted, and brought the case, by writ of error, to this court for review.

Upon this statement of the pleadings, was the judge below right in dismissing the bill for the want of proper parties?  We think not.  It will be seen that the bill was filed against Mary P. Massey, as well as T. J. Massey, the trustee.  The bill alleged, and the trust deed attached to it as an exhibit, shows, that she was entitled to the whole income of the trust property during her life; that her children had no interest in the income or property until after her death.  The prayer of the bill was to subject this income to the payment of a debt which the complainants alleged was made for the use and benefit of her estate, and to raise an income for her, which debt, they allege, was made with her knowledge and consent.

When this judgment now under review was made, she was a *feme sole*, her husband and trustee having died.  As to the income of this trust property, she was *sui juris*. If income was made, under the terms of the trust deed, it all went to her.  Neither her husband nor children had any interest in it.  If debts were contracted for the purpose of carrying on the farm, for the purpose of raising an income, she is responsible for them, to the extent of the income.  "Trust farms and plantations must pay their way

with the same scrupulous fidelity to legal and moral obligations as other establishments. Those who live upon capital clothed with a trust, must be content to consume the net income; they cannot be allowed to enjoy the gross income, and leave honest creditors unpaid. * * * Equity will take hold of income, and if necessary appropriate the whole of it, for the time being, to clear arrearages." *Kupferman vs. McGhee, trustee, et al.,* 63 *Ga.,* 257.

The trustee, who was her husband, being dead—no effort being made to subject the corpus, but simply the income, she being a *feme sole* and *sui juris* as to the income—having been joined with her husband and trustee in the original bill, and having answered the bill, and filed a cross-bill, and obtained an injunction against the complainants from prosecuting a common law suit against her, we are of the opinion that the court below erred in dismissing the bill for the want of proper parties. Under the allegations in the bill, a decree against her would have been valid and binding.

We express no opinion upon the merits of the case. If the jury, upon the trial of the case, should find in favor of the complainants, the chancellor would be authorized to appoint the receiver prayed for, and so mould his decree as to protect both parties.

Judgment reversed.